IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TOMMY O'BRYANT     PLAINTIFF

VERSUS     CAUSE NO. 1:18-cv-00008-HSO-JCG

WALGREEN, CO., CBRE GROUP, INC.,
AND JOHN OR JANE DOES 1-10     DEFENDANTS

**REBUTTAL BRIEF IN SUPPORT OF DEFENDANT
CBRE GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT**

Comes Now defendant CBRE Group, Inc., and files this its Rebuttal Brief in Support of its Motion for Summary Judgment and would show unto the Court the following, to-wit:

### I. INTRODUCTION

Plaintiff's Response to the pending Motion for Summary Judgment obfuscates the issues and ignores the only competent proof in the record. Plaintiff has made no effort to rebut the affidavits of either Gary Ballenger of CBRE Group, Inc., (Exhibit "A") or Richard Schmidt of Walgreen Co.,(Exhibit "B") which clearly show that CBRE exercised no control over the sidewalk area of the subject Walgreen's location. Further, Plaintiff asks the Court to engage in legal analysis based on cases that have no bearing on the instant suit.

### II. PLAINTIFF'S REPLY FAILS TO CREATE A QUESTION OF FACT AS TO THE AFFIDAVITS OF CBRE AND WALGREENS

Plaintiff seeks to convince this Court that a factual dispute exists as to whether or not CBRE exercised control over the sidewalk where the subject accident occurred. Yet despite CBRE providing sworn testimony from both its own personnel and Walgreens personnel with personal knowledge of the relationship between the parties, Plaintiff has not refuted this uncontradicted evidence. CBRE has presented the Court with proof in the form of affidavit testimony from both

CBRE (Exhibit "A") and Walgreen's (Exhibit "B") which unequivocally states that CBRE had no control over the sidewalk area and that its duties in the area were only to perform minor repairs. While the plaintiff states in his brief that he "vigorously disputes this statement" (Doc. 114. p.4) the reality is that there is no disputed material fact in this regard. Plaintiff has for whatever reason chosen not to depose either of the witnesses as to the substance of the affidavits. The sidewalk was not owned by CBRE. CBRE was not a party to a lease of the premises where the Walgreens location operates. CBRE did not operate the retail location. CBRE did not maintain a permanent presence at the location. CBRE did not have the authority to unilaterally make any modification to the premises. Nothing in the record disputes any of the foregoing statements, and without such evidence Plaintiff's claims against CBRE fail as a matter of law.

The theory of Plaintiff's case is that the failure to place concrete bollards along the subject sidewalk created a dangerous condition. Plaintiff continues to ignore the obvious problem with his theory as it pertains to CBRE, which is that CBRE had no responsibility nor authority to place concrete bollards at the subject location. There is no dispute that CBRE did not have the authority to unilaterally place concrete bollards in the parking area of the subject Walgreens, CBRE could only act when requested to do so by Walgreens.(See Exhibits "A" "B" "E" "F" and "G") CBRE had no right to even undertake repairs to the premises without approval from Walgreens. In short, even had CBRE wanted to place bollards on the sidewalk it was not able to do so unless Walgreens approved CBRE taking such an action. A party that is unable to effectuate an action on a premises without the permission of another party cannot reasonably be considered to have control over the premises. In fact, that is precisely the situation in the instant case, and Walgreens, the party that had undisputed control over the sidewalk has stated as much in its affidavit. (Exhibit "B").

Interestingly, in Plaintiff's response he disputes CBRE's statements regarding the Second Amendment to the FMOSA (Exhibit "F"). However, there can be no dispute that the actual language of Exhibit "F" makes clear that portions of the scope of services provided by CBRE were being transferred back to Walgreens. The only evidence in the record documenting this transfer of services is the affidavit by Gary Ballenger wherein he states that after the execution of the Second Amendment to the FMOSA CBRE no longer had contractual responsibilities on the exterior of Walgreen's locations. (Exhibit "A") Plaintiff has provided no evidence whatsoever disputing this sworn statement. In fact, the affidavit of Walgreen's while not directly addressing the Second Amendment to the FMOSA clearly states that CBRE had no responsibilities for the design or construction of the parking lot including the installation of concrete bollards or other safety devices. (Exhibit "B"). Importantly, representatives, with personal knowledge, of the two parties involved in the subject contract have each stated under oath that CBRE did not have the responsibilities that Plaintiff contends CBRE had. This is the only proof in the record regarding the Second Amendment and Plaintiff has not offered any competent proof to dispute the understanding of Walgreens and CBRE as to what the contract between them required.

There is no factual dispute as to CBRE's lack of control over the sidewalk and parking lot areas and Plaintiff has failed to create a question of fact indicating otherwise. A party seeking summary judgement must establish the absence of a genuine issue of material fact by providing the court with the basis of its motion and identifying the portions of the record in the case in support of its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986). CBRE has presented uncontradicted evidence both by affidavits and contractual documents in this regard and the Plaintiff has failed to rebut this evidence with any proof whatsoever.

## III. PLAINTIFF'S LEGAL ANALYSIS IGNORES STANDARDS APPLICABLE TO PREMISES LIABILITY CASES UNDER APPLICABLE MISSISSIPPI LAW

Plaintiff's reply brief engages in lengthy legal analysis and attempts to place duties upon CBRE which the law does not support. As discussed at length above, there is no factual dispute regarding CBRE's lack of control of the sidewalk area of the subject Walgreens. Accordingly, despite Plaintiff's complex assertions there was simply no legal duty owed by CBRE to the Plaintiff.

Illustrative of Plaintiff's strained analysis is his reliance on *Wilson v. Allday*, 487 So. 2d 793 (Miss. 1986). *Wilson* involved a question regarding the premises liability duties of a lessor and to some extent the retail tenant of the property. It is important to remember that in the instant matter CBRE is not (and never was) the lessor of the property and it is undisputed that it never exercised possession or control over the subject property. Attempting to characterize the duties of CBRE with those of a lessor is an exponential leap. However, a key legal standard from the case is applicable when looking at this matter from Plaintiff's position. *Wilson* states "[h]owever, the lessor must have actual or constructive knowledge of the defect and a **sufficient opportunity to repair the same**." *Wilson v. Allday*, 487 So. 2d 793, 796 (Miss. 1986) **(emphasis added).** Even if CBRE stood in the shoes of a lessor as urged by Plaintiff CBRE would still have to have opportunity or authority to repair a dangerous condition on the property. There is no dispute that CBRE was limited to taking action only when approved by Walgreens. Accordingly, CBRE would never have had the opportunity to engage in any repairs associated with the subject premises.

*Jones v. James Reeves Constr.* 701 So.2d 774 (Miss. 1997) relied upon by Plaintiff again fails to support the Plaintiff when applied to the facts of this case. While *Jones*, does stand for the proposition that a party can contract for the duty to supervise a construction project, including for

the safety of the project, *Jones* is inapplicable to the issues in this case. Nothing in the subject FMOSA between Walgreens and CBRE required CBRE to "supervise" the sidewalks, in fact CBRE's duties were limited to minor repairs of the sidewalk and parking areas. (Exhibits "A", "B","E", and"F"). Accordingly, *Jones* does not impart any duty upon CBRE as it pertains to the Plaintiff.

Importantly, Plaintiff fails to cite to any specific language in the FMOSA which supports his position that CBRE had control over the sidewalk's maintenance, or an independent duty to see that the sidewalk was reasonably safe for individuals like the plaintiff.

### IV. CONCLUSION

In short, Plaintiff's entire argument is based on the fallacious argument that CBRE had contractual control over the sidewalk where the accident occurred. The FMOSA granted no such control to CBRE. Furthermore, based on the undisputed evidence before this Court, including the affidavits of CBRE and Walgreens, CBRE exercised no control over the sidewalks that would have given CBRE the opportunity and/or authority to have done something to prevent Plaintiff's injury. Accordingly, Plaintiff's claims against CBRE fail. CBRE is entitled to Summary Judgment and dismissal of the claims against it with prejudice.

WHEREFORE ABOVE PREMISES CONSIDERED, defendant CBRE Group, Inc., respectfully requests this Court grant its Motion for Summary Judgment and dismiss the claims against it with prejudice. CBRE further requests any other relief to which it is entitled in the premises.

RESPECTFULLY SUBMITTED, this the __23rd__ day of October, 2018.

                  **CBRE GROUP, INC., DEFENDANT**

            BY: S\ *Edward C. Taylor*
               OF COUNSEL

## CERTIFICATE OF SERVICE

I, the undersigned counsel, of counsel for Defendant, CBRE Group, Inc., do hereby certify that on this day, I served a true and correct copy of the above and foregoing *Rebuttal Brief in Support of Defendant CBRE Group, Inc.'s Motion for Summary Judgment* to the following:

Douglas L. Tynes, Jr., Esq.
Courtney Wilson, Esq.
Tynes Law Firm, P.A.
P.O. Drawer 966
Pascagoula, MS 39568-0966
*monte@tyneslawfirm.com*
*courtney@tyneslawfirm.com*

Patrick R. Buchanan, Esq.
Brown Buchanan, PA
P.O. Box 1377
Biloxi, MS 39533-1377
*mailb@brownbuchanan.com*

THIS, the  23rd  day of October, 2018.

S\ *Edward C. Taylor*
OF COUNSEL

EDWARD C. TAYLOR - MS BAR #9043
etaylor@danielcoker.com
CHRISTOPHER H. MURRAY - MS BAR #102779
cmurray@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE: (228) 864-8117
FACSIMILE:  (228) 864-6331
4217-134412