# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

TOMMY O'BRYANT                                                    PLAINTIFF

VERSUS                                CIVIL ACTION NO. 1:18-CV-8-HSO-JCG

WALGREEN CO., CBRE GROUP, INC.,
and JOHN OR JANE DOES 1-10                                       DEFENDANTS

## WALGREEN CO.'S MEMORANDUM BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

NOW COMES this Defendant, Walgreen Co., by and through its attorneys of

record, Brown Buchanan P.A., and in support of its Motion for Summary Judgment, files

its Memorandum Brief.

### I.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).* "When

the moving party has carried its burden under Rule 56(c), its opponent must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita

Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d

538 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts

showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting Anderson, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

## II.  Issue

On February 27, 2015, Plaintiff was standing on the sidewalk outside the Walgreens store located in Biloxi, Mississippi, smoking a cigarette and talking with his wife's cousin, Josh Roden.  *Deposition of Tommy A. O'Bryant* at 48 - 49, attached as *Exh. "1"*.  While standing on the sidewalk, located on the east side of the Walgreens store, Plaintiff was struck by a Dodge Ram truck operated by Edward Kersh.  *Exh. "1"* at 50; *Deposition of John Doucet* at 14, 19 - 20 attached as *Exh. "2"*.

The subject accident was investigated by Cpl. John Doucet, an expert in accident reconstruction and an officer in the Biloxi Police Department.  *Exh. "2"* at 8 - 11.  Cpl. Doucet determined that Mr. Kersh was solely responsible for the cause of the subject

accident.  *Exh. "2″* at 22.  Mr. Kersh negligently propelled his truck over the curb, across the sidewalk and into the Plaintiff.  Cpl. Doucet also determined that the design of the subject parking lot did not contribute to the causal factor of this accident.  *Exh. "2″* at 13 - 14.

At the time of the subject accident, Mr. Kersh, while 85, performed volunteer maintenance work at Our Lady of Fatima Church in Biloxi.  *Deposition of Marcia J. Kersh* at 9 - 10, attached as *Exh. "3"*.  Mr. Kersh possessed a valid Mississippi driver's license.  *Exh. "3"* at 10.  Mr. Kersh was able to safely operate a motor vehicle.  *Exh. "3"* at 11.  Prior to the subject accident, Mr. Kersh had not been involved in an automobile accident.  *Exh. "3"* at 11.  The cause of the subject accident was Mr. Kersh's foot slipping off the brake and onto the accelerator.  *Exh. "3"* at 12, 17.  On the day of the subject accident, as he navigated into the parking space, Mr. Kersh was traveling at a slow, safe rate of speed.  *Exh. "3"* at 15.  There was nothing unusual about how Mr. Kersh was driving his truck before the subject accident.  *Deposition of Joshua Alexander Roden* at 17 - 18, attached as *Exh. "4"*.

The subject store opened on May 25, 1998.  *Affidavit of David Pasquini,* attached as *Exh. "5″.*  In the sixteen (16) years prior to the subject accident, there was one (1) incident involving a car driving onto the sidewalk.  *Deposition of David Pasquini* at 34 - 35, 37 - 38, attached as *Exh. "6"*.  That prior incident occurred on July 7, 2014, and it happened on the north side of the store where the handicap parking is located.  *Exh. "6″*

at 34 - 35, 37 - 38.   There were no incidents involving a car driving over the curb and onto the sidewalk - in the sixteen (16) years before the subject incident - on the east side of this store.

As a result of the subject accident, Plaintiff filed suit against this Defendant alleging claims of premises liability, general negligence and gross negligence. *Doc. 1* at 5, 7.   Plaintiff's claims are premised upon the mistaken belief that this Defendant had a duty to install bollards in its parking lot.

### III.   Rule

To establish a negligence claim under Mississippi law, the Plaintiff must prove: duty, breach of duty, proximate cause and damages.   *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (¶ 28) (Miss. Sup. Ct. 2010).   In the case at bar, the Plaintiff cannot establish duty because, as a matter of law, this Defendant did not owe a duty to the Plaintiff. Therefore this Defendant is entitled to summary judgment as a matter of law.

### IV.   ANALYSIS

#### A.   *No Duty*

A premises owner owes no duty to its invitees to erect barriers to protect invitees from vehicle incursions into its store.   *Buffalo Serv. v. Smith*, 227 So. 3d 1096, 1097 (Miss. Sup. Ct. 2017) (quoting *Cheeks v. Autozone, Inc.,* 154 So. 3d 817, 823 (Miss. 2014).   As the *Buffalo Serv.* Court held:   "[i]t cannot be contended with any degree of reason or logic that the owner of a store, by failing to erect an impregnable barrier

between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store." *Id.* "If as a matter of law such occurrences are to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter." *Id.*

The cause of the subject accident was Mr. Kersh's negligence; his foot slipped off the brake and onto the accelerator. *Exh. "3"* at 12, 17. Mr. Kersh had no prior history of driving issues and he was a competent driver. This Defendant had no duty to anticipate that Mr. Kersh, a good driver, would negligently allow his foot to slip off the brake, onto the accelerator and drive his truck over the curb on the east side of the store - where there had been no prior, similar incidents - and strike the Plaintiff; therefore this Defendant had no duty to erect bollards to prevent the subject accident. As the *Buffalo Serv.* Court held: "[i]t cannot be contended with any degree of reason or logic that the owner of a store, by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store." *Buffalo Serv.,* 227 So. 3d at 1097.

Instructional, if not on point with the case *sub judice,* is *Cheeks v. AutoZone, Inc.*, 154 So. 3d 817 (Miss. Sup. Ct. 2014). *Cheeks* involved a storefront vehicle incursion accident. In *Cheeks*, the store where the accident occurred had sidewalks on two (2)

sides of the building.   *Cheeks*, 154 So. 3d at 819 (¶ 3).   The store had an angled, glass

entranceway.   *Id.*   The store had bollards protecting the sidewalk on the east side of the

store and a sidewalk, with no bollards, on the north side of the store.   *Id.*

The plaintiff was injured on the sidewalk outside the store.   As the plaintiff

opened the entrance door, he heard a warning.   *Cheeks*, 154 S0. 3d at 819 (¶ 4).   He

turned and saw a car close to him, bearing down on him.   *Id.*   Before plaintiff could

make it behind the bollards on the east side of the store, the car hit him.   *Id.*

During discovery, the defendant said it installed bollards as a "safety measure"

undertaken to protect customers from being struck by vehicles.   *Cheeks*, 154 So. 3d at

819 (¶ 5).   During trial, defendant's employees testified that they allowed customers to

drive up the handicap ramp leading to the entrance, onto the sidewalk, to get under the

canopy that covered the entrance.   *Cheeks*, 154 So. 3d at 820 (¶7).   The driver who hit

the plaintiff testified that he had been instructed by one of defendant's employees to drive

onto the sidewalk under the canopy.   *Id.* (¶ 8).   As he drove under the canopy, the driver

suffered a seizure, lost control of his car and struck the plaintiff.   *Id.*

After a verdict for the plaintiff, the trial court granted the defendant a JNOV.

*Cheeks*, 154 So. 3d at 822 (¶ 16).   The trial court held that under Mississippi law, a

business owner does not have a duty to erect protective barriers around its business.   *Id.*

On appeal, the *Cheeks* Court affirmed the unequivocal rule of law that no duty is

owed by a premises owner, to its invitees, to erect barriers around its store.   *Cheeks*, 154

So. 3d at 823 (¶ 22).     But in reversing the trial court, the *Cheeks* Court created two (2), narrow exceptions to this rule that are not present in the case at bar.   First, the *Cheeks* Court held that by allowing cars to drive onto the sidewalk, under the canopy (where the plaintiff was hit), it became foreseeable that a car-pedestrian accident could occur. *Cheeks*, 154 So. 3d at 823 - 824 (¶ 23 - ¶ 24).   Second, the *Cheeks* Court held that once the defendant voluntarily undertook the duty to protect patrons with bollards (placed in front of the sidewalk on the east side of the store), the defendant voluntarily assumed a duty.  *Id.*

On appeal, the *Cheeks* Court reaffirmed that premises owners do not have a duty to erect bollards to ensure the safety of its customers.   *Cheeks*, 154 So. 3d at 824 (¶ 26).   It then stated that specific, factual circumstances can give rise to the possibility of creating a duty where one did not exist.   *Id.*   The *Cheeks* exceptions, stated above, are very narrow. *Cheeks*, 154 So. 3d at 823 - 824 (¶ 23 - ¶ 24).

In the case at bar, the accident occurred on the east side of the store.   *Exh. "1"* at 50.   In the area where the accident occurred, the sidewalk is separated from the parking area by a vertical curb, built consistent with the applicable codes, ordinances and standard of care.  *Affidavit of Benjamin Smith,* attached as *Exh. "7".*   There is no evidence, like in *Cheeks*, that this Defendant allowed automobiles to use this sidewalk area for any reason. Therefore, the first *Cheeks* exception does not apply.

This defendant does use bollards.   However, they are not used for the same purpose the defendant used them in *Cheeks*.   In *Cheeks*, the defendant used bollards to protect its customers while using the sidewalk on the east side of its store.   Typically, this Defendant has two (2) or three (3) uses for bollards.   *Deposition of David Dillon* at 26, attached as *Exh. "8"*.   Bollards are placed around transformers or generators.   *Exh. "8"* at 26.   They are placed around gas meters.   *Exh. "8″* at 26.   They are placed at points where there may be a visual obstruction to vehicular traffic as a visual indicator to be cautious.   *Exh. "8"* at 26 - 27.   The use of bollards as a visual cue or visual warning to drivers is a proper use of bollards.   *Deposition of Michael Keenum* at 20, attached as *Exh. "9"*.

This Defendant uses curbs to define the end of the parking stall.   *Deposition of Jeff Groncki* at 43, attached as *Exh. "10"*.   If there is no curb, and there is a zero depth sidewalk, a bollard will be used.   *Exh. "10"* at 43; *Exh. "8″* at 27.   This Defendant will use bollards at different locations, where no curb is present, as an indicator to a driver that a drive lane or loading zone has ended.   *Exh. "10"* at 64 - 66.

Unlike the defendant in *Cheeks*, this Defendant did not undertake the voluntary duty to use bollards to protect its customers using the sidewalks.   Therefore, the second exception in *Cheeks* does not apply.

In *Buffalo Servs. v. Smith*, 227 So. 3d 1096 (Miss. Sup. Ct. 2017), the Mississippi Supreme Court reaffirmed that the prevailing rule of law in Mississippi is that a premises owner owes no duty to its invitees to erect barriers around its store to prevent vehicle incursion accidents when it allowed an interlocutory appeal for the purpose of reversing a trial court's denial of summary judgment on this issue of law. *Buffalo Servs.*, 227 So. 3d at 1096 - 1097.

In *Buffalo Servs.,* the plaintiff was injured when an automobile crashed into defendant's store. *Buffalo Servs.*, 227 So. 3d at 1096. The plaintiff filed suit claiming that the defendant breached its duty to its invitees by failing to erect bollards around its store. *Id.* On interlocutory appeal, the *Buffalo Servs.* Court held that - under Mississippi law - the defendant did not owe the plaintiff any duty. *Id.*

The *Buffalo Servs.* Court discussed the two narrow and "exceptional" exceptions to this rule of law created by *Cheeks.* First, where the premises owner creates a situation that makes a vehicle strike a pedestrian and, second, were the premises owner assumes a duty it did not have. *Buffalo Servs.*, 227 So. 3d at 1097. Because neither of these two, narrow exceptions existed, the *Buffalo Servs.* Court held that - as a "matter of unequivocal Mississippi law - the defendant owed the plaintiff no duty. *Buffalo Servs.*, 227 So. 3d at 1098.

In reversing the denial of summary judgment and rendering a judgment in favor of the defendant, premises owner, the *Buffalo Servs.* Court stated: "[Plaintiff] cannot rely on

the lack of bollards, parking stops, or other physical barriers in front of the clothing store as evidence of negligence, because Buffalo Services was under no 'duty to erect protective barriers to insure the safety [of] partrons inside the store' from wayward vehicles driven by third parties."  *Buffalo Servs.*, 227 So. 3d at 1099.

As set out above, neither of the two, narrow exceptions created in *Cheeks* exist in the case at bar.   Therefore, as a matter of law, this Defendant is entitled to summary judgment.

Because this Defendant owed no duty to the Plaintiff to erect bollards around its store to protect the Plaintiff from the negligent acts of Mr. Kersh, this Defendant is entitled to summary judgment as a matter of law.   Even if this Court finds that this Defendant owed a duty to the Plaintiff, which is denied, Plaintiff's lawsuit still fails as a matter of law.

### B.   This is Not a Negligent Design Lawsuit

Plaintiff has not alleged that the subject parking was negligently designed. Plaintiff has limited his claims to premises liability, general negligence and gross negligence.   *Doc. 1* at 5, 7.   Plaintiff has been adamant this is not a negligent design case:   "Plaintiff is not pursuing a negligent design case."   *Doc. 190* at 1.

Plaintiff's claims – as discussed above – fail as a matter of law.   As to Plaintiff's claim for premises liability - assuming it survives *Buffalo Serv. v. Smith,* 227 So. 3d 1096 (Miss. Sup. Ct. 2017), which this Defendant does not believe it does - the issue is the

subject store. This Defendant is not aware of any authority that supports the imposition of liability on a premises owner for a hazardous condition where there is no proof that, as to the specific location, there was a hazard. *See Pippen v. Tronox, LLC.*, 2019 U.S. Dist. LEXIS 6382 at 9 - 10 (N.D. Miss. 2019).

Because this is not a negligent design case, accidents at other Walgreen Co. stores are not relevant to the issues raised in this lawsuit. "Holding otherwise would result in a substantial expansion of liability for premises owners without any basis in law, common or statutory." *Pippen,* 2019 U.S. Dist. LEXIS 6382 at 10.

### C. The Parking Lot is Reasonably Safe

The parking lot where Plaintiff's accident occurred was and is reasonably safe; it complied with all applicable codes, ordinances and industry standards relative to design and safety.

Robert E. Luke is a licensed architect. *Affidavit of Robert E. Luke* attached as *Exh. "11".* Mr. Luke testified that the subject parking lot met all code requirements, met all standards of care and was reasonably safe at the time of the subject accident. *Exh. "11".* Mr. Luke's testimony is affirmed by the testimony of Benjamin Smith.

Mr. Smith is a professional engineer. *Affidavit of Benjamin Smith,* attached as *Exh. "7".* Mr. Smith testified that the subject parking lot was built and maintained in compliance with all applicable codes, ordinances and local standards. *Affidavit of*

*Benjamin Smith,* attached as *Exh. "7".*   As such, Mr. Smith testified that the subject parking lot was reasonably safe on February 27, 2015.   *Id.*

The testimony of Mr. Luke and Mr. Smith is consistent with the testimony of John Doucet.   Cpl. Doucet is a retired police officer with the City of Biloxi, who is an accident reconstruction expert.   *Exh. "2"* at 8 - 11.   Cpl. Doucet investigated the subject accident. *Exh. "2"* at 11.   Cpl. Doucet prepared a written report regarding his investigation.   *Exh. "2"* at 11, *Report of Investigation* attached as *Exh. "12."* After his investigation, Cpl. Doucet concluded that "...there was no - - nothing - - to do with the parking lot that would have contributed to the causal factor of this accident."   *Exh. "2"* at 13 - 14.   As to why the subject accident occurred, Cpl. Doucet concluded that Mr. Kersh was solely responsible for the cause of the subject accident.   *Exh. "2"* at 22.

The testimony of Mr. Luke, Mr. Smith and Cpl. Doucet is consistent with the testimony of Robert Reiter.   In his own report, Mr. Reiter listed the cause of the subject accident as operator error.   *Deposition of Robert Reiter* at 122, attached as *Exh. "13".* In fact, Mr. Reiter said he did not have any evidence to support that the cause of the subject accident was anything other than operator error.   *Exh. "13"* at 125 - 126.   In addition, Mr. Reiter is "familiar" with the International Building Code (IBC) although he does not "do a whole lot with it."   *Exh. "13"* at 71.   Mr. Reiter knows the IBC has sections that pertain to parking lots.   *Exh. "13"* at 71 - 72.   Mr. Reiter knows the IBC does not require bollards for nose-in parking.   *Exh. "13"* at 72 - 73.   The subject parking

lot – as conceded by Mr. Reiter – does not violate the IBC.  *Exh. "13"* at 73.   Mr. Reiter is not aware of any requirement for the placement of bollards at the nose-in parking at the subject parking lot.  *Exh. "13"* at 81.   Mr. Reiter admits the subject parking lot was in compliance with all applicable codes on February 27, 2015.  *Exh. "13"* at 249.   He does not know if there was a violation of any local ordinances.  *Exh. "13"* at 250.   Mr. Reiter cannot say the subject parking lot violated the industry standard for parking lots in the local area.  *Exh. "13"* at 250.

The testimony of Mr. Luke, Mr. Smith, Officer Doucet and Mr. Reiter is consistent with the testimony of Brian Pfeifer, Ph.D.   Dr. Pfeifer, a professional engineer, has dealt with parking lot design issues in the past.  *Deposition of Brian G. Pfeifer* at 15, attached as *Exh. "14"*.   As a professional engineer, Dr. Pfeifer is qualified to analyze parking lot design issues.  *Exh. "14"* at 16.   According to Dr. Pfeifer, a parking lot with nose-in parking, in front of a side-walk where no bollard system is present, is reasonably safe. *Exh. "14"* at 18 - 20.

The testimony of Mr. Luke, Mr. Smith, Officer Doucet, Mr. Reiter and Brian Pfeifer, Ph.D. is consistent with the testimony of Michael E. Keenum.   Mr. Keenum owns Gulf Coast Fence Company and sells, *inter alia*, bollards.  *Deposition of Michael Keenum* at 9, 11, attached as *Exh. "9"*.   Mr. Keenum's own store, Gulf Coast Fence Company, has nose-in parking in front of a sidewalk that leads to the entry of his

business.  *Exh. "9"* at 10.   Mr. Keenum believes this nose-in parking configuration, which does not have bollards, is safe.   *Exh. "9"* at 10 - 11.

The only person who believes there is an issue for trial is Robert Reiter, who believes that because accidents have happened before, they will happen again.   *Exh. "13"* at 150 - 151.   This Defendant is not aware of any authority that supports the imposition of liability on a premises owner for a hazardous condition where there is no proof that, as to the specific location, there was no hazard.   *See Pippen v. Tronox, LLC.*, 2019 U.S. Dist. LEXIS 6382 at 9 - 10 (N.D. Miss. 2019).   Further, this Defendant is not aware of any authority that a parking lot - built in compliance with all applicable codes, ordinances and standards of care - can be a hazardous condition.   "Holding otherwise would result in a substantial expansion of liability for premises owners without any basis in law, common or statutory."   *Pippen,* 2019 U.S. Dist. LEXIS 6382 at 10.

### D.   *Plaintiff's Premises Liability Claim*

#### 1.   *Mississippi Law*

Business owners have a duty to invitees to exercise reasonable care to keep the business premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee.   *Bonner v. Imperial Palace of Mississippi, LLC,* 117 So.3d 678, 682 (¶ 11)(Miss.Ct.App. 2013); *Stanley v. Boyd Tunica, Inc.* 29 So.2d 95, 97 (¶ 8)(Miss.Ct.App. 2010)(citations omitted).   The Mississippi Supreme Court has held these two (2) duties - the duty to keep a premises reasonably safe and the

duty to warn - must be analyzed separately. *Mayfield v. The Hairbender*, 903 So. 2d 733, 737 - 738 (¶ 20) (Miss. Sup. Ct. 2005) (citations omitted).

The duty of a business owner to keep its premises in a reasonably safe condition depends on the owner having actual or constructive knowledge of the dangerous condition. *Elgandy v. Boyd Mississippi, Inc.*, 909 So.2d 1202, 1205 (¶ 15)(Miss.Ct.App. 2005). Actual or constructive notice is not required when the dangerous condition was caused by the owner or its agent. *Id.* If the condition was caused by someone other than the owner or his agent, then actual or constructive notice is required. *Elgandy*, 909 So.2d at 1205 (¶ 16). Once notice of the dangerous condition is established, evidence must then be presented that the business owner had a reasonable time to correct the dangerous condition. *Karpinsky*, 109 So.3d at 92 (¶24); *Dawson v. Boyd Biloxi, LLC*, 127 So. 3d 314, 317 (¶ 14) (Miss. Ct. App. 2013).

Strict liability is not imposed on business owners in premises liability cases. *Stanley,* 29 So.2d at 97. Business owners are not insurers against all injuries. *Id.* Mere proof of an incident is not enough to show negligence on the part of the business owner. *Id.*

## 2. *Strict Liability is Not Applicable*

In the case at bar, Plaintiff's case against the Defendant is based entirely on the claims of Robert Reiter.[1]   Mr. Reiter wants to claim - irrespective of the fact that there were no prior accidents on the east side of the store and that the parking lot complied with all applicable codes, ordinances and industry standards - that Plaintiff's accident was foreseeable because nose-in parking has an increased rate of risk and that accidents in nose-in parking are foreseeable because other accidents have happened in the past at other Walgreens stores and in parking lots in general. *Exh. "13"* at 106.   Simply, according to Mr. Reiter, because an accident happened somewhere is proof of foreseeability as to the subject store on February 27, 2015.   Mr. Reiter wants to impose strict liability for this accident.

Under Mississippi law, it is well established that merely proving an accident occurred on a business premise is insufficient to show negligence.   *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. Sup. Ct. 1966).   Strict liability is not imposed on business owners in premises liability cases.   *Stanley,* 29 So.2d at 97.   Business owners are not insurers against all injuries.   *Id.*   Mere proof of an incident is not enough to show negligence on the part of the business owner.   *Id.*

Because, under Mississippi law strict liability does not apply, this Defendant is entitled to Summary Judgment.

### 3. There Is No Notice

To survive summary judgment, Plaintiff must prove there was a hazardous condition[2] and that this Defendant was aware of the hazardous condition prior to his accident. *Elgandy v. Boyd Mississippi, Inc.*, 909 So.2d 1202, 1205 (¶ 15)(Miss.Ct.App. 2005). Assuming Plaintiff can overcome this hurdle - that there were no prior accidents in the sixteen (16) years between when the store opened and Plaintiff's accident occurred - then he must offer evidence that this Defendant had a reasonable time to correct the dangerous condition. *Karpinsky*, 109 So.3d at 92 (¶24); *Dawson v. Boyd Biloxi, LLC*, 127 So. 3d 314, 317 (¶ 14) (Miss. Ct. App. 2013).

In the case at bar, prior to the subject accident - at this store - there was an incident on July 7, 2014, on the north side of the store. *Exh. "6"* at 34 - 35, 37 - 38. A car drove onto the sidewalk where the handicap parking is located. *Exh. "6"* at 37 - 38. There were no prior incidents - at this store - on the east side of the store.

Therefore, even if it is assumed that a parking lot that is built in compliance with all applicable codes, ordinances and industry standard can be considered a hazardous condition, which is denied, Plaintiff has no proof as to notice of a problem on the east

---

[1]Robert Reiter is the subject of a *Daubert* motion, that is being filed contemporaneously with the subject motion, to prohibit his opinions

[2]This assumes that a parking lot, built in compliance with all applicable codes, ordinances and standards of care can be a hazardous condition; which is denied.

side of the subject store; there were no prior accidents in the sixteen (16) years of operation.

Plaintiff has no proof on the issue of notice as to the subject store. First, there were no accidents on the east side of the subject store prior to the subject accident. Second, Mr. Reiter's testimony illustrates Plaintiff's lack of proof regarding notice. Mr. Reiter does not know the traffic count for this store. *Exh. "13"* at 150. Mr. Reiter does not know how many times - between when this store opened and when the subject accident occurred - drivers safely navigated into and out of the nose-in parking spaces on the east side of the store. *Exh. "13"* at 151 - 152. Mr. Reiter does not know how many people have safely used the sidewalk on the east side of the subject store. *Exh. "13"* at 232. Mr. Reiter concedes that traffic count information is needed to determine frequency. *Exh. "13"* at 150. He also concedes that information regarding frequency is needed to discuss how often something happens. *Exh. "13"* at 150. As admitted by Plaintiff's own forensic engineer, Brian Pfeifer, Ph.D., information regarding how many times people have safely navigated into and out of nose-in parking is important information. *Exh. "14"* at 81 - 82.

In an attempt to avoid his obligation of offering proof to support his claim, Plaintiff turns to Mr. Reiter. Mr. Reiter claims that because accidents have occurred in other parking lots, the subject parking lot is hazardous. This bold claim is contrary to Mississippi law. Setting aside the fact that Mr. Reiter wants to use accidents from other

stores - not this store - as notice, his claims still fail. Helpful on this issue is *Hageney v. Jackson Furniture, Inc.,* 746 So. 2d 912 (Miss. Ct. App. 1999). In *Hageny*, plaintiff attempted to introduce evidence that another bar stool manufactured by the defendant broke prior to the subject accident. *Hagney*, 746 So. 2d at 920 - 921 (¶ 35). The plaintiff claimed this prior incident showed the defendant had actual notice of a defect. *Id.* The *Hageney* Court held that to be probative of a defect, the evidence must be that the similar accidents occurred under substantially similar circumstances and involved substantially similar components. *Hageney*, 746 So. 2d at 922 (¶ 38) (citations omitted). In the case at bar, Plaintiff has eschewed specifics.

Contrary to Mississippi law, Mr. Reiter boldly proclaims that the specifics of accidents are not important to him; it is the "sum total" of the accidents that is important. *Exh. "13"* at 104. This is demonstrated by Mr. Reiter wanting to compare this store to other stores, because there were no prior accidents on the east side of this store. In addition, the subject accident did not involve a Red Box kiosk. But, Mr. Reiter wants to compare this accident with incidents involving a Red Box kiosk. Exh. "13" at 105.

For Mr. Reiter, Mississippi law and the requirement of substantial similarity is not important: "Every accident has its own unique characteristics, yes, sir. But the importance of the sum total of 199 accidents at Walgreens sidewalks is to reinforce and bring to light the fact that there are many sidewalk incursions at Walgreens, which for the most part have not been reported so far in discovery in this case." *Exh. "13"* at 105.

Mr. Reiter does not care whether the accident occurred in Biloxi or Ohio.   *Exh. "13"* at

109.

The subject store opened on May 25, 1998.   *Exh. "5".*   In the sixteen (16) years

prior to the subject accident, there was only one (1) incident where a car drove over the

sidewalk and struck the building.   This incident occurred on July 7, 2014, on the north

side of the store, where the handicap parking is located.   *Exh. "6"* at 34 - 35, 37 - 38.

There were no incidents - in the sixteen (16) years before the subject incident - on the east

side of this store.    Plaintiff has no proof of any issues for which he bears the burden -

involving the store that is involved in his premises liability claim - before his accident.

Therefore, this Defendant is entitled to summary judgment.

## V.   CONCLUSION

To establish a negligence claim under Mississippi law, the Plaintiff must prove:

duty, breach of duty, proximate cause and damages.   *Mladineo v. Schmidt*, 52 So. 3d

1154, 1162 (¶ 28) (Miss. Sup. Ct. 2010).   In the case at bar, the Plaintiff cannot establish

duty because, as a matter of law, this Defendant did not owe a duty to the Plaintiff to erect

bollards around its store.   Plaintiff cannot rely on the lack of bollards, parking stops, or

other physical barriers in front of its store as evidence of negligence, because this

Defendant was under no duty to erect protective barriers to insure the safety of its

customers from wayward vehicles driven by third parties.   *Buffalo Servs.*, 227 So. 3d at

1099.   Therefore, this Defendant is entitled to summary judgment as a matter of law.

This rule of law aside, this Defendant is not aware of any authority that a parking lot - built in compliance with all applicable codes, ordinances and standards of care - can be a hazardous condition. "Holding otherwise would result in a substantial expansion of liability for premises owners without any basis in law, common or statutory." *Pippen,* 2019 U.S. Dist. LEXIS 6382 at 10.

In addition, Plaintiff has failed on the issue of notice. The subject store opened on May 25, 1998. In the sixteen (16) years prior to the subject accident, there was one (1) incident involving a car driving onto the sidewalk. *Exh. "6"* at 34 - 35, 37 - 38. That prior incident occurred on July 7, 2014, and it happened on the north side of the store where the handicap parking is located. *Exh. "6"* at 34 - 35, 37 - 38. There were no incidents involving a car driving over the curb and onto the sidewalk - in the sixteen (16) years before the subject incident - on the east side of this store.

Assuming Plaintiff can overcome these hurdles set forth above, then he must offer evidence that this Defendant had a reasonable time to correct the dangerous condition. *Karpinsky*, 109 So.3d at 92 (¶24); *Dawson v. Boyd Biloxi, LLC*, 127 So. 3d 314, 317 (¶ 14) (Miss. Ct. App. 2013). Again, Plaintiff has failed in his burden.

This Defendant owed Plaintiff no duty; and, Plaintiff has no proof of any of the issues for which he bears the burden. Therefore, this Defendant is entitled to summary judgment.

This the 4th day of March, 2019.

Respectfully submitted,

WALGREEN CO.

BY:   BROWN BUCHANAN P.A.


BY:   ___/s/Patrick R. Buchanan_____
        PATRICK R. BUCHANAN (MSB #8439)




BROWN BUCHANAN P.A.
234 Caillavet Street, SUITE 100
POST OFFICE BOX 1377
BILOXI, MS   39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:    (228) 435-7090
mailb@brownbuchanan.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Douglas L. Tynes, Jr.          Edward C. Taylor
Courtney Wilson                Christopher H. Murray
Tynes Law Firm, P.A.           Daniel   Coker Horton & Bell, PA
Post Office Drawer 966         Post Office Box 416
Pascagoula, Mississippi 39568  Gulfport, Mississippi 39502

This the 4th day of March, 2019.


_____/s/Patrick R. Buchanan_____
PATRICK R. BUCHANAN (MSB #8439)