# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**TOMMY O'BRYANT**                                                         **PLAINTIFF**

**v.**                                                                      **CAUSE NO. 1:18cv8-LG-JCG**

**WALGREEN CO., CBRE GROUP, INC.,**
**and JOHN OR JANE DOES 1-10**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are four motions for summary judgment: the [104] Motion for Summary Judgment filed by Defendant CBRE GROUP, INC. ("CBRE"), the [217] Motion for Summary Judgment filed by Defendant Walgreen Co., the [234] Motion for Partial Summary Judgment against Walgreen Co. filed by Plaintiff Tommy O'Bryant, and the [238] Motion for Partial Summary Judgment against CBRE also filed by Plaintiff. The Motions are fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendants are entitled to summary judgment because, as a matter of law, they did not breach a duty of care owed to Plaintiff. Defendants' summary judgment motions will accordingly be granted, and Plaintiff's summary judgment motions will be denied.

## I. BACKGROUND

On February 27, 2015, Plaintiff Tommy O'Bryant was smoking a cigarette and talking with his wife's cousin on the sidewalk abutting the east side of the Biloxi, Mississippi Walgreens store. A Dodge Ram truck operated by Edward Kersh

pulled into a nose-in parking space in front of where O'Bryant was standing. Kersh's foot slipped off the brake pedal and onto the accelerator, causing his truck to lurch over the curb, onto the sidewalk, and into O'Bryant. The truck struck O'Bryant with enough force to pin him against the brick wall of the building and damage the brick façade. O'Bryant suffered significant injuries, ultimtely necessitating the amputation of his left leg.

O'Bryant filed suit against Walgreen Co. and CBRE, alleging their negligence and gross negligence were responsible for O'Bryant's injury. His claims are brought pursuant to theories of premises liability under Mississippi law. Walgreen Co. owns the store and parking lot where the incident occurred. Walgreen Co. contracted with CBRE for repairs to, and maintenance of its store premises nationwide, including repairs following incidents in which vehicles had struck store buildings.

Walgreen Co.'s Motion argues that it is entitled to summary judgment because it neither owed O'Bryant a relevant duty of care[1] nor breached any such duty. CBRE's Motion argues that it never had the requisite control over or responsibility for the conditions of the Walgreens parking lot to be a proper defendant in a premises liability case. O'Bryant's Motions contend that the undisputed evidence entitles him to partial summary judgment on the issues of

---

[1] Walgreen Co. characterizes such a duty as one "to erect bollards around its store to protect the Plaintiff from the negligent acts of Mr. Kersh." (Mem. Supp. Walgreen Mot. Summ. J. 10, ECF No. 218.)

duty, breach, and causation such that the only remaining issue for a jury is damages.[2]

## II. DISCUSSION

a. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and

---

[2] The Motion concerning his claims against Walgreen Co. alternatively asks the Court to strike Walgreen's Answer as a sanction for asserted discovery abuses.

– 3 –

inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

b. Premises Liability Under Mississippi Law

The parties agree that Mississippi law provides the substantive law governing the claims at issue in this case. "To prevail in [his] premises-liability action, [Plaintiff] must show (a) that [Defendants] owed a duty to [Plaintiff]; (b) that [Defendants] breached that duty; (c) damages; and (d) a causal connection between the breach of that duty and the damages, such that the breach is the proximate cause of [Plaintiff's] injuries." *Galanis v. CMA Mgmt. Co.*, 175 So. 3d 1213, 1216 (Miss. 2015). "Whether a duty exists is a question of law. To determine the duty owed in a premises-liability case, courts begin by classifying the status of the plaintiff. Mississippi law classifies a land entrant as either an invitee, a licensee, or a trespasser." *Id.* The parties agree that Plaintiff was an invitee. *See Thomas v. Columbia Grp., LLC*, 969 So. 2d 849, 852 (Miss. 2007) ("A person is considered an invitee if he enters the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.").

The premises owner owes the invitee "the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Cheeks v. AutoZone, Inc.*, 154 So. 3d 817, 822 (Miss. 2014) (citations and internal quotation marks omitted). However, "[t]he owner of the premises is not an insurer of the invitee's safety." *Id.* (internal quotation marks omitted). "While any condition on the premises can

– 4 –

conceivably cause harm to an invitee, recovery will be allowed only when the condition involves an unreasonable risk of harm to invitees." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 220 (5th Cir. 2011) (discussing Mississippi premises liability law and noting its consistency with the approach taken to invitees in other states).

The Mississippi Supreme Court "has emphasized that 'the foreseeability of the injury sustained provide[s] the touchstone for liability.'" *Cheeks*, 154 So. 3d at 823 (citations omitted). "Whether something is or is not within the realm of reasonable foreseeability depends upon the facts of the case and the duty which the plaintiff asserts for the particular defendant." *Id.* (citation and internal quotation marks omitted). "An independent intervening cause is one that could not have been reasonably foreseen by the defendant while exercising due care." *Id.* (citation and internal quotation marks omitted). With respect to the actions of third parties more generally, the supreme court has explained,

> in determining the existence of a landowner's duty to protect invitees from the wrongful conduct of third persons, *foreseeability is measured by all of the circumstances* including the nature, condition and location of the defendant's premises and defendant's prior experience, bearing in mind that *what is required to be foreseeable is the general nature of the event or harm, not its precise manner or occurrence.*

*Id.* (emphasis in original) (quoting *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1190 (Miss. 1994)).[3]

---

[3] Although this statement is not clearly inconsistent with other related statements of Mississippi law, the Court would note that this language comes from a California appellate court opinion, which the plaintiff in *Crain* asked the Mississippi Supreme

– 5 –

c. <u>Mississippi Law on the Premises Owner's Duty To Protect Patrons From Negligently Operated Vehicles</u>

The Mississippi Supreme Court's statements on the duty a premises owner owes to an invitee are clear: the owner's duty to invitees is to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view. Whether the owner has breached that duty by failing to protect an invitee from the actions of a third party depends on the foreseeability of the injury sustained. *See* Restatement (Second) of Torts § 344. However, in specifically addressing the injury to an invitee caused by a third person's negligent operation of motor vehicle, the supreme court – while still using this language of foreseeability – speaks instead of the presence or absence of a duty. *See* Restatement (Third) of Torts § 7 cmt. a (explaining the functional difference between matter-of-law "no-duty rules" and matter-of-fact "scope-of-liability doctrines") & cmt. i (discussing the mistake that courts sometimes make when they "inaptly express" a determination that there was no breach of duty as a matter of law in terms of no duty).

This conflation of duty and breach is not unique to Mississippi. *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057 (Ill. 2006) ("Much confusion over duty stems from courts' tendency to attribute a variety of different meanings to the term."). While the existence of a duty of reasonable care is a question of law

---

Court to adopt as Mississippi law. The *Crain* court declined to adopt the position taken by the California court. It was nonetheless quoted in *Cheeks* as a statement of Mississippi law and, as explained *infra*, confusingly tethers the existence of a landowner's duty to the foreseeability of harm suffered by the invitee.

– 6 –

informed by public policy considerations, "[f]oreseeability and breach are questions that a jury considers when it decides whether a defendant acted reasonably under the circumstances of a case or legally caused injury to a particular plaintiff." *Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 2014-NMSC-014, ¶ 4, 326 P.3d 465, 468 (N.M. 2014). "The duty of ordinary care applies unless the owner/occupier can establish a policy reason, unrelated to foreseeability considerations, that compels a limitation on the duty or an exemption from the duty to exercise ordinary care." *Id.* ¶ 5, 326 P.3d at 469. "No-duty rules are appropriate only when a court can promulgate relatively clear, categorical, bright-line rules of law applicable to a general class of cases." Restatement (Third) of Torts § 7 cmt. a.

In *Carpenter v. Stop-N-Go Markets of Georgia, Inc.*, the Mississippi Supreme Court addressed a matter of first impression in the state: "whether the owner of a convenience store has a duty, to customers inside the store, to erect some sort of barrier or wheel stop in order to prevent vehicles from crashing through a plate glass window." 512 So. 2d 708, 709 (Miss. 1987). The plaintiff in that case, Carpenter, had been shopping in a Stop-N-Go convenience store in Jackson, Mississippi when an automobile drove through the front plate glass window of the store, pushing over a display counter, which knocked Carpenter to the floor. The automobile was driven by an underage boy attempting to steal it from the store's parking lot. Carpenter sued Stop-N-Go, alleging Stop-N-Go was negligent "in failing to install posts or wheel stops in front of its stores so as to prevent an accident such as the one in which he was injured." *Id.* It was revealed through

discovery that a vehicle had previously struck and damaged the front of the store on a prior occasion; the trial court granted summary judgment to Stop-N-Go notwithstanding.

The *Carpenter* court affirmed summary judgment, holding "that there is, as a matter of law, no duty owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store's plate glass window." *Id.* Although the court spoke in terms of whether a duty should exist, the supporting rationale touched primarily on foreseeability (perhaps considering foreseeability and public policy one-in-the-same under the circumstances):

> [I]t cannot be contended with any degree of reason or logic that the owner of a store, . . . by failing to erect an impregnable barrier between the entrance of his store and an adjacent area where motor vehicles are driven and parked, should have anticipated that automobiles will be negligently propelled over the curb and across the sidewalk into the entrance of his store. . . . If as a matter of law such occurrences are . . . to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter.

*Id.* (quoting *Schatz v. 7-Eleven, Inc.*, 128 So. 2d 901, 904 (Fla. Dist. Ct. App. 1961)).

Two Mississippi Court of Appeals opinions – *Heard v. Intervest Corp.*, 856 So. 2d 359 (Miss. Ct. App. 2003), and *Blount v. The Pantry, Inc.*, 936 So. 2d 967 (Miss. Ct. App. 2006) – relied on the holding in *Carpenter* to uphold dismissal of premises liability claims. In *Heard*, a woman was sitting in an outdoor common area of her apartment complex when a negligently operated vehicle jumped the curb and fatally

struck her. The court of appeals held that the no-duty rule espoused in *Carpenter* was not limited to circumstances in which the injury occurs indoors; rather, "it must apply outside a building as well." *Heard*, 856 So. 2d at 362. *Blount* was almost factually identical to *Carpenter*, but the patron inside the convenience store in *Blount* was instead hit by an ice machine, which had been propelled through the store window by a vehicle that jumped the curb onto the sidewalk outside. The court appeals determined "there was no set of facts that Blount may prove to establish his claim of negligence." *Blount*, 936 So. 2d at 969.

In 2014, the Mississippi Supreme Court seemingly carved out an exception to the rule that a store owner owes no duty to persons inside the store to erect barriers outside the store to protect against vehicles driving into the store. *See Cheeks*, 154 So. 3d 817. *Cheeks* involved a patron struck by an automobile while entering an AutoZone store. Although bollards and a raised sidewalk protected the glass storefront side of the building, another side of the building, which also provided parking, had no such barriers. AutoZone stated in an interrogatory that the bollards were intended, at least in part, as a safety measure designed to protect pedestrians. The corner entrance, which connected these two faces of the building, was not protected by bollards. A handicap access ramp led to the entrance from the parking lot. There was a straight, unimpeded gap from the parking area through to the store entrance. The plaintiff, Cheeks, was walking up the handicap access ramp to the store when he heard his friend yell to "watch out." Cheeks turned to see a car bearing down on him. He tried to safely get behind one of the bollards but did not

have enough time to do so. The car struck him, and he sustained significant injuries.

The supreme court began its analysis by stating, "Mississippi unequivocally holds that 'no duty [is] owed by a convenience store owner, to persons inside the store, to erect barriers in order to prevent vehicles from driving through the store's plate glass window.'" *Id.* at 823 (quoting *Carpenter*, 512 So. 2d at 709). However, the court determined that the facts present in *Cheeks* removed the case from the blanket rule in *Carpenter*. There was sufficient evidence, said the court, from which to find "that Cheeks and similarly situated patrons would rely upon the bollards for protection, and that AutoZone had *breached the duty it had assumed* by not fully protecting the entranceway, an area through which every customer was required to pass." *Id.* at 824 (emphasis added). The *Cheeks* court concluded by explaining the new exception to the *Carpenter* rule:

> Our caselaw is quite clear. We reaffirm the holding of *Carpenter* that premises owners do not have a duty to erect protective barriers to insure the safety of patrons inside the store. We also reaffirm that a premises owner has no duty to protect against runaway vehicles where such incidents would be unforeseeable. But, as the special concurrence in *Carpenter* recognized, certain factual circumstances give rise to the possibility for a duty to arise. The case *sub judice* is one of those cases. The jury found that Cheeks''s injury was proximately caused or contributed to by AutoZone creating an unsafe condition. The trial court erred in granting AutoZone's JNOV and finding that AutoZone owed no duty to Cheeks.

*Id.*

Two years later, in *Stanley v. Scott Petroleum Corp.*, the Mississippi Supreme Court relied on *Cheeks* to overturn a trial court's grant of summary judgment in a premises liability case with a negligently operated third-party-vehicle. 184 So. 3d 940 (Miss. 2016). The two plaintiffs were struck by a vehicle while standing at a gas station's walk-up window to pay for fuel. The plaintiffs asserted that Scott Petroleum, the gas station owner, required its patrons to stand in an unreasonably dangerous spot to purchase gasoline. Although iron and concrete bollards protected the store, gas pump, and a power pole, neither a barrier nor a curb protected the walk-up window. Scott Petroleum had posted a sign on the side of the store that said "CAUTION! BE SAFE AND ALERT. WATCH OUT FOR MOVING VEHICLES."

The trial court granted summary judgment before the conclusion of discovery, denying the plaintiffs' request for a continuance to complete discovery. The supreme court reversed: "While premises owners do not have a duty 'to erect protective barriers to insure the safety of patrons inside [a] store' or 'to protect against runaway vehicles where such incidents would be unforeseeable,' such a duty can arise depending on the factual circumstances of a given case." *Id.* at 942 (alteration in original) (quoting *Cheeks*, 154 So. 3d at 824). "[F]urther discovery in this case could have brought forward more facts relevant to a determination of foreseeability and subsequently to whether Scott Petroleum owed a duty to the plaintiff." *Id.* at 943.

Finally, the most recent Mississippi case construing *Carpenter* is *Buffalo Services, Inc. v. Smith*, 227 So. 3d 1096 (Miss. 2017). Smith sued Buffalo Services for premises liability. Buffalo Services owned two buildings, operating one as a convenience store and gas station and leasing the other to a clothing store operator. Three bollards were placed on the property at the far corner of the clothing store's exterior.[4] Smith was in the clothing store when a third person crashed their vehicle into the store, injuring Smith. Smith asserted that Buffalo Services failed to make the premises reasonably safe for pedestrians, particularly by failing to erect bollards, parking stops, and/or other physical barriers in order to prevent encroachment of pedestrian ways by cars. "But," said the supreme court, "as a matter of law, Buffalo Services owed Smith no such duty." 227 So. 3d at 1097.

The court recited the blanket rule statement from *Carpenter* and then explained the contours of the exception created by *Cheeks*:

> Not only did the auto business *create* a situation that made a vehicle crashing into a pedestrian entering or exiting the building reasonably foreseeable, but also the auto business *assumed* a duty to protect patrons walking in and out of the store from incoming vehicles by erecting concrete bollards for the specific purpose of preventing vehicles from crashing into the front of the store.

*Id.* Unlike the facts in *Cheeks*, Smith had "not alleged – let alone presented evidence – that" either (1) Buffalo Services created a situation that made injury to a patron inside the store by a vehicle reasonably foreseeable or (2) Buffalo Services undertook extra measures to protect patrons entering or exiting the store. *Id.* The

---

[4] The dissenting opinion noted that these had previously protected a phone booth, which no longer existed. *Buffalo Servs.*, 227 So. 3d at 1099 (King, J dissenting).

– 12 –

bollards present "were [not] placed to prevent vehicles from crashing into the front of the store" so there was "no evidence Buffalo Services voluntarily assumed the duty to protect clothing-store patrons from vehicles driving into the front of the store." *Id*. at 1097-98. Instead, the general rule from *Carpenter* applied:

> Buffalo Services owed Smith no duty to protect her from a third-party's negligently driving a vehicle into the clothing store leased by a third party. Thus, Smith cannot rely on the lack of bollards, parking stops, or other physical barriers in front of the clothing store as evidence of negligence, because Buffalo Services was under no "duty to erect protective barriers to insure the safety [of] patrons inside the store" from wayward vehicles driven by third parties.

*Id*. at 1098. The supreme court reversed the trial court's denial of summary judgment.

In Mississippi's case law specific to store patrons injured by errant vehicles, the justification for a no-duty rule is a lack of foreseeability, but the basis for an exception to this rule is evidence indicating the foreseeability of the injury. The resulting confusion demonstrates the pitfalls of constructing no-duty rules out of general foreseeability judgments. Thus, it is difficult to reconcile *Cheeks, Stanley, Carpenter,* and *Buffalo Services*. Each decision appears to push state premises liability law in a different direction. Although all speak in terms of whether a duty exists, *Cheeks* and *Stanley* seem to instead treat *Carpenter*'s rule as a gloss on the duty of reasonable care owed to an invitee – they treat the rule as a scope of duty doctrine. This is likely because the stated rationale for the *Carpenter* rule was that it was unforeseeable a third-party-vehicle would negligently injure a patron on

– 13 –

premises (rather than a clear statement of public policy, such as, "store owners should not have to bear the cost of protecting patrons from vehicles crashing into buildings"). Both opinions are deeply concerned with the facts of the case and how the premises owner might have breached a duty of reasonable care seemingly disclaimed in *Carpenter*. *Carpenter* and *Buffalo Services* more closely treat the so-called no-duty rule as a true no-duty rule (despite still expressing a foreseeability rationale for its application). *Carpenter* engaged with a pure question of law. *Buffalo Services* assessed the facts only so far as to determine that the *Cheeks* exception to the *Carpenter* rule did not apply. The most recent statement on the matter from the Mississippi Supreme Court is *Buffalo Services,* which therefore controls. It also provides the clearest framework of the *Carpenter* progeny.

The law begins with the general rule: a store owner owes patrons no duty to protect against a third-party negligently driving a vehicle into the store. To find otherwise would be to elevate a store owner's duty to that of insuring patron safety. And Mississippi law is clear that store owners have no such duty. Additionally, because Mississippi cases have not limited application of this rule to only circumstances in which patrons *inside* a store are injured by a vehicle crashing into the store, the rule need not be restated in this way. There is one exception to this general rule. Although Mississippi does not, by default, impose a duty on store owners to protect patrons from negligently driven vehicles, store owners may assume such a duty by (1) creating a situation that makes injury to a patron on the premises by a vehicle reasonably foreseeable *and* (2) undertaking extra measures to

– 14 –

protect patrons entering or exiting the store.[5] Thus, where a store owner creates a situation making injury to patrons by a vehicle reasonably foreseeable and undertakes measures to protect patrons entering and exiting the store, the duty of reasonable care and to warn of hidden dangerous conditions *may* encompass protecting patrons from negligently driven vehicles.

    d. <u>Defendants Are Not Liable as a Matter of Law</u>

The parties seem to agree that (1) the general rule, if applicable is dispositive of this case, and (2) the threshold issue is, therefore, whether there is sufficient evidence to demonstrate that Walgreen Co. assumed a duty to protect against a third-party negligently driving a vehicle into the store. It is undisputed that Walgreen Co. placed a sidewalk around the store with a six-inch curb to, at least in part, protect patrons from vehicles operating on the premises. The evidence Plaintiff submits in support of his contention that Walgreen Co. created a situation making it reasonably foreseeable that a patron would be injured can be boiled down to the following facts: (1) Walgreen Co. put a trashcan with an ashtray on the sidewalk along the east side of the building, where Plaintiff was standing; (2) Walgreen Co. also places Redbox video rental machines and Blue Rhino propane tank stations on its sidewalks; (3) Walgreen Co. placed nose-in parking along the sidewalks surrounding the store; (4) the store location in Biloxi experienced a prior incident on July 17, 2014 in which a customer pulling into a handicapped nose-in

---

[5] Whether both or one of these circumstances is required for a store owner to assume a duty otherwise disclaimed by *Carpenter* is not made clear by *Cheeks* or *Stanley*, but *Buffalo Services* seems to read *Cheeks* to require both.

– 15 –

parking space on the north side of the building drove over the wheel stop, curb, and sidewalk, alliding with the store building; and (5) *after* the Plaintiff's injury, on November 13, 2015, a vehicle drove over the curb and allided with the building when the driver mistakenly stepped on the gas pedal instead of the brake.

Plaintiff also asks the Court to consider information concerning Walgreens storefront crash data nationwide from 2011 through 2018 and data on persons who have been injured or killed by vehicles on Walgreen Co. premises nationwide, but – as Plaintiff has repeatedly emphasized – this is not a negligent design case. Incidents occurring at other stores have no bearing on whether Walgreen Co. adequately maintains the premises at the store in Biloxi, Mississippi. They would only become relevant if Plaintiff were challenging the design of Walgreen Co.'s properties, irrespective of what specifically is done at the Biloxi location. *Cf. Pippen v. Tronox, LLC*, 359 F. Supp. 3d 440, 446 (N.D. Miss. 2019) ("The Plaintiffs in this case seek to impose liability against Tronox, not for a defect or danger present on the premises, but for a danger or defect in the independent subcontractor's own equipment.").

Plaintiff also submits the opinion testimony of Rob Reiter, a self-designated expert in "storefront safety."[6] Reiter opines that areas where pedestrians are invited to linger – such as benches, smoking areas, and vending machines – are areas of increased risk if not protected from vehicles. Moreover, he states that

---

[6] Defendant Walgreen Co. has filed a [221] Motion to Strike and Prohibit the Opinions of Robert Reiter pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

– 16 –

correctly installed bollards at the end of nose-in parking spaces at the Biloxi store would have prevented Plaintiff's injury.

Viewed in a light most favorable to the plaintiff, the evidence shows that Walgreen Co. has placed amenities – an ashtray, a Redbox machine, and a Blue Rhino station – at various points on the sidewalk, which separates nose-in parking from the building; that patrons are more likely to linger in front of these amenities; that once prior to the Plaintiff's injury a vehicle drove up over the curb and crashed into the building; and that Plaintiff's injury would not have happened if bollards protected the sidewalk.

This evidence in insufficient to establish that Walgreen Co. created circumstances making vehicle-caused injury to a patron reasonably foreseeable. Regardless of whether amenities on the sidewalk make it more likely than otherwise that patrons will linger on the sidewalk, the suggestion to use these amenities is nothing like the use of the pay window in *Stanley*, where each patron was required to stand with their back to approaching cars to pay for fuel. More importantly, only once before Plaintiff's injury had a vehicle hopped the curb and hit the building, and nothing about the six-inch curb is alleged to be defective or incomplete. By contrast, the bollards in *Cheeks* extended up to the store entrance but did not actually protect the store entrance. The inadequacies contemplated by *Cheeks* seem to be more akin to a curb with inconsistent height, or a sloped edge so that a vehicle could easily ride up on to the sidewalk, or unprotected gaps for

– 17 –

handicap access. Accordingly, Walgreen Co. assumed no duty to protect against negligently driven vehicles, and the general rule espoused in *Carpenter* applies.

Even assuming arguendo that Walgreen Co. and CBRE (assertedly by contract) did assume a duty, the evidence in the record is still insufficient to create an issue of fact for the jury as to whether Defendants breached their duty. Plaintiff's position is that Defendants should have installed bollards at the end of the nose-in parking spaces because this would have prevented the injury Plaintiff sustained. But Plaintiff has pointed to no case law to support the notion that use of a six-inch curb might not be a reasonable measure to protect from errant vehicles. The case law this Court has found suggests the opposite. *See Jefferson v. Qwik Korner Mkt., Inc.*, 34 Cal. Rptr. 2d 171, 173 (Cal. Ct. App. 1994) (collecting numerous cases finding no liability in curb-jumping cases). And a curb is not a hidden condition, let alone a dangerous one. While a person might reasonably feel highly protected while in the proximity of bollards (as in *Cheeks*), it would be unreasonable for a person to assume a similar degree of protection when standing on a curb. A curb provides no false illusion of safety. It is patently obvious that a vehicle *could* drive over it.

III. CONCLUSION

Mississippi law does not require a premises owner to insure an invitee's safety. Under Mississippi law the legal duty owed to store patrons is to keep the premises reasonably safe and, when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view. In the opinion of the

– 18 –

Court, Plaintiff's evidence is, as a matter of law, insufficient to demonstrate that Defendants breached this duty or assumed a duty to erect protective bollards. Defendants' Motions for Summary Judgment will be granted, Plaintiff's Motions for Partial Summary Judgment will be denied, and Plaintiff's claims will be dismissed with prejudice.[7]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [104] Motion for Summary Judgment filed by Defendant CBRE GROUP, INC. and the [217] Motion for Summary Judgment filed by Defendant Walgreen Co. are **GRANTED**, and that the [234] Motion for Partial Summary Judgment against Walgreen Co. filed by Plaintiff Tommy O'Bryant and the [238] Motion for Partial Summary Judgment against CBRE filed by Plaintiff Tommy O'Bryant are **DENIED**. Plaintiff's claims against Walgreen Co. and CBRE GROUP, INC. are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [162] Motion for Review of Magistrate Judge Order, [219] Motion to Strike and Prohibit the Opinions of Brian Pfeifer, [221] Motion to Strike and Prohibit the Opinions of Robert Reiter, [223] Motion to Strike and Prohibit the Opinions of Michael Keenum, [230] Motion to Strike Defendant's Expert Robert Luke, [232] Motion to Strike Defendant's

---

[7] Because the Court ultimately concludes that Plaintiff, as a matter of law, has failed to establish the breach of a duty of care, the Court will not address other arguments raised by the parties. This includes allegations of discovery abuses by Plaintiff and Walgreen Co. and disagreement over any duties created by the contractual agreement between Walgreen Co. and CBRE.

expert Benjamin Smith, [253] Motion to Enforce, [255] Supplemental Motion to Enforce, and [308] Motion to Continue Trial are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 10th day of May, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE